**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**KIMBERLY ABLES,**

Plaintiff,

v.

**CIVIL ACTION No. 5:22-CV-102**
Judge Bailey

**KILOLO KIJAKAZI,** Commissioner of
Social Security,

Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge Michael John Aloi [Doc. 27]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on January 27, 2023, wherein he recommends that plaintiff's Motion for Summary Judgment [Doc. 17] be denied, Defendant's Motion for Summary Judgment [Doc. 18] be granted, the decision of the Commissioner be affirmed, and plaintiff's case be dismissed with prejudice.

## I. BACKGROUND

Plaintiff was 48 years old at the time she made her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Her last day of work was December 31, 2019. From 2014 to her last day of work in 2019, Plaintiff worked for a physician as a clinical assistant. She left that job due to the amount of standing it

required.  At the time of the hearing before the Administrative Law Judge ("ALJ"), plaintiff had taken a lighter-duty position as a receptionist with the same employer.  Plaintiff alleges that she is limited in her ability to work due to "morbid obesity, degenerative disc disease of the lumbar spine with stenosis and grade 1 spondylosis at L4-L5, degenerative joint disease of the right foot subtalar and broken hardware at the 5th metatarsal, moderate tricompartmental degenerative joint disease of the right knee, major depressive disorder, generalized anxiety disorder, and dependent and avoidant personality features." *See* [Doc. 27 at 4].

## II. PROCEDURAL HISTORY

The procedural history of this case was laid out by Magistrate Judge Aloi in his R&R:

On January 21, 2020, Plaintiff filed her application under the Social Security Act for DIB and SSI, alleging disability that began on December 31, 2019.  (R. 57, 212, 219).  This claim was initially denied on May 1, 2020 (R. 164) and denied again upon reconsideration on August 5, 2020.  (R. 171).  On September 14, 2020, Plaintiff filed a written request for a hearing (R. 177), which was held before the ALJ on March 22, 2021, in Morgantown, West Virginia.  (R. 57, 77).  Plaintiff, proceeding *pro se*, appeared via teleconference and testified.  Eric Dennison, an impartial vocational expert ("VE"), also testified at the hearing.  Id.  On March 31, 2021, the ALJ issued an unfavorable decision to Plaintiff, finding that she was not disabled within the meaning of the Act.  (R. 70).

Plaintiff filed a request for review of hearing decision dated May 25, 2021.  (R. 209).  It appears that counsel then appeared for Plaintiff on or

2

about June 9, 2021.  (R. 17).  Subsequently, on October 29, 2021, the

Appeals Council issued a Notice denying Plaintiff's request for review.  (R.

10).  Then, by notice dated January 21, 2022, the Appeals Council declined

to reopen its earlier decision.  (R. 7).  Plaintiff filed her Complaint with this

Court on April 19, 2022. [ECF No. 1].  The Commissioner filed the Answer

and Administrative Record on June 27, 2022. [ECF Nos. 12, 13].  Plaintiff

filed a Motion for Summary Judgment and brief in support, thereof, on

August 26, 2022. [ECF Nos. 17, 17-1].   Defendant filed a Motion for

Summary Judgment and memorandum in support, thereof, on September

26, 2022. [ECF Nos. 18, 19].  Plaintiff filed a reply in support of her summary

judgment motion on October 17, 2022.  [ECF No. 22].  After the matter was

fully briefed, [Magistrate Judge Aloi] conducted a hearing on November 7,

2022 to receive argument from counsel.

[Doc. 27 at 2].

The above-styled case was referred to Magistrate Judge Aloi for submission of a

proposed R&R.  On January 27, 2023, Magistrate Judge Aloi filed his proposed R&R.

Therein, Magistrate Judge Aloi laid out the Five-Step Evaluation Process a claimant must

meet to be "disabled" under the Social Security Act.  *See* [Doc. 27 at 5–6].  He then laid

out the ALJ's decision.   *See* [Id. at 6–7].   Magistrate Judge Aloi found that the

Commissioner's decision denying plaintiff's claim contains no legal error and is supported

by substantial evidence.  First, Magistrate Judge Aloi concluded that the ALJ handled the

hearing carefully in light of the plaintiff's *pro se* status. [Id. at 10].  In reaching his decision,

the Magistrate Judge noted that the ALJ explained that a plaintiff has a right to have a

3

representative present, plaintiff would not have to pay for a representative's services out-or

pocket, and explained the role of the representative's services.   [Id.].   Further, the

magistrate noted that "the ALJ then explained the process to the Plaintiff (R. 79); explained

the exhibits to be received and admitted, and asked Plaintiff if she objected to them (she

did not) (R. 80); gave Plaintiff an opportunity to make sure the ALJ had all of the records

and exhibits which Plaintiff thought were important (and Plaintiff made sure that the ALJ

has records of an MRI of Plaintiff's lumbar spine) (R. 80); and then elicited detailed

testimony from the Plaintiff about her work history, certifications, health issues, living

situation, and physical limitations and abilities (R. 82–97).  The Magistrate also noted that

ALJ explained the VE's role and inquired whether the plaintiff objected to the VE serving

in that role.   [Id].   Second, Magistrate Judge Aloi found that "the ALJ candidly

acknowledged Plaintiff's limitations (both as stated subjectively by Plaintiff and reflected

objectively in the record), detailed discrepancies between the objective record and

Plaintiff's subjective statements, and carefully tailored the RFC that is favorable to Plaintiff

as could be within the bounds of the regulations and the record." [Id. at 14–15].

Plaintiff filed Objections on February 10, 2023.  *See* [Doc. 28].  Therein, plaintiff

objects to Magistrate Judge Aloi's R&R, alleging that the ALJ failed to develop the record

regarding the use of a cane for both ambulation and balance. *See* [Doc. 28].  More

specifically, the plaintiff first contends that, as a *pro se* plaintiff, the ALJ failed to fulfill the

duty to develop a fair record and to ensure that all the facts were fully explored and that

remand is required to redevelop the record.  [Id. at 4].  Next, the plaintiff alleges that the

Magistrate Judge failed to account for the ALJ's heightened duty to develop the record. [Id.

at 8].  More specifically, the plaintiff argues that the ALJ had a duty to develop the record

4

as to whether the plaintiff would need a cane to balance. [Id. at 4–8].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff timely filed her objections on February 10, 2023. *See* [Doc. 28]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## III. JUDICIAL REVIEW OF AN ALJ DECISION

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied." *See* 42 U.S.C. § 405(g). An ALJ's findings will be upheld if supported by substantial evidence. *See **Milburn Colliery Co. v. Hicks***, 138 F.3d 524, 528

(4th Cir. 1998).  The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'"  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (citing *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)).  The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.  *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).  Ultimately, it is the duty of the ALJ reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979).  "This Court does not find facts or try the case de novo when reviewing disability determinations."  *Id*.

## IV. FIVE-STEP EVALUATION PROCESS

To be disabled under the Social Security Act, a claimant must meet the following criteria:

[The] individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is

6

not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A).  The Social Security Commissioner uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

(i) At the first step, we consider your work activity, if any.  If you are doing substantial gainful activity, we will find that you are not disabled.

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

(iii) At the third step, we also consider the medical severity of your impairment(s).  If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past

7

relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual

functional capacity and your age, education, and work experience to see if

you can make an adjustment to other work.  If you can make an adjustment

to other work, we will find that you are not disabled.  If you cannot make an

adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.  In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. ***Richardson v. Califano***, 574 F.2d 802, 804 (4th Cir. 1978).  Once this is proven, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing.  ***Hicks v. Gardner***, 393 F.2d 299, 301 (4th Cir. 1968).   If the claimant is determined to be disabled or not disabled at any of the five steps, the process will not proceed to the next step. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

### III. DISCUSSION

The record before the ALJ provides adequate evidence that the ALJ developed the record in this case.  The ALJ explained that a plaintiff has a right to have a representative present, plaintiff would not have to pay for a representative's services out-or pocket, and explained the role of the representative's services.  The  ALJ then explained the process to the Plaintiff; explained the exhibits to be received and admitted, and asked Plaintiff if she objected to them; gave Plaintiff an opportunity to make sure the ALJ had all of the records and exhibits which Plaintiff thought were important; and then elicited detailed testimony

8

from the Plaintiff about her work history, certifications, health issues, living situation, and physical limitations and abilities.  The ALJ also explained the VE's role and inquired whether the plaintiff objected to the VE serving in that role.  Further, this Court agrees with Magistrate Aloi's conclusion that nothing in the regulations required the ALJ to make a finding about the plaintiff's use of a cane for balance alone or to ask questions about the ability to balance or if she needed a cane to balance when standing.

Based upon a *de novo* review of the record and the applicable law, this Court agrees with the magistrate judge's conclusion that the ALJ's decision denying plaintiff's claim contains no legal error and is supported by substantial evidence.  This Court finds that Magistrate Judge Aloi correctly found that the ALJ has complied with applicable law and provided substantial evidence to support his findings.

## IV. CONCLUSION

Accordingly, plaintiff's objections [**Doc. 28**] are **OVERRULED** and the Report and Recommendation is hereby **ORDERED ADOPTED**.  The decision of the Commissioner is **AFFIRMED**.  This Court further **ORDERS** that plaintiff's Motion for Summary Judgment [**Doc. 17**] is **DENIED**, Defendant's Motion for Summary Judgment [**Doc. 18**] is **GRANTED**, and this matter is hereby **DISMISSED WITH PREJUDICE**.  The Clerk is hereby **DIRECTED** to **STRIKE** this case from the active docket of this Court and enter judgment in favor of defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: February 23, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE